Rainey *v.* The People.

WILLIAM RAINEY, plaintiff in error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Clinton.*

The only mode of preferring an indictment is through the medium of a grand jury, and it is their imperative duty to make their presentments in open Court. The indictment being the foundation of all the subsequent proceedings in the cause, the record ought to show affirmatively the returning of the indictment into Court by the grand jury. This is a necessary part of the record, and can no more be dispensed with than the verdict of the jury.

INDICTMENT for murder, in the Washington Circuit Court, at the September term 1845, against the plaintiff in error. The venue was changed to Clinton county and the cause there tried at the September special term 1845, the Hon. Gustavus P. Koerner presiding. The jury found the defendant guilty of manslaughter, and sentenced him to one year's imprisonment in the Penitentiary. The defendant prosecuted a writ of error in this Court.

*L. Trumbull,* and *B. Bond,* for the plaintiff in error.

The motion in arrest of judgment should have been sustained, the record not showing that the indictment was ever returned into Court. It must appear on the record that the grand jury returned the indictment in open Court, "a true bill." Rev. Stat. 309, § 3; 1 Chitty's Crim. Law, 324; *Gardner* v. *The People,* 3 Scam. 85; *McKinney* v. *The People,* 2 Gilman, 540.

The record transmitted from Washington county to Clinton county contains no copy of the indictment, and the paper, upon which Rainey was tried, is not referred to in said record so as to identify it as the original indictment. That this was necessary, see *Wight* v. *Kirkpatrick,* 4 Scam. 340.

*D. B. Campbell,* Attorney General, submitted the cause on the part of the defendants in error without argument.

The Opinion of the Court was delivered by

TREAT, J.* It appears from the record in this cause, that at the September term 1845, of the Washington Circuit Court, William Rainey was arraigned, and pleaded not guilty to an indictment for murder; that on his application, a change of venue was awarded to the Clinton Circuit Court, and that he entered into a recognizance for his appearance at the next term thereof. This is shown by the transcript of the record certified to the Clinton Circuit Court. With the transcript, there was filed an indictment against Rainey for the murder of Alexander Keith, which purported on its face, to have been found at the April term 1845, of the Washington Circuit Court. The foregoing is all of the evidence furnished by the record of the finding of an indictment against Rainey. He appeared at the September term 1845, of the Clinton Circuit Court, and was put on his trial. The jury found him guilty of the manslaughter of Keith, and fixed the period of his imprisonment in the penitentiary at one year. He was not present when the verdict was received. An order was thereupon made, forfeiting his recognizance, and awarding a *capias* against him. At the April term 1846, he appeared and entered motions for a new trial, and in arrest of judgment. These motions were denied by the Court, and judgment pronounced on the prisoner in pursuance of the verdict. He then obtained a *supersedeas* and sued out a writ of error to this Court.

The principal questions arising on the assignment of errors are, *first*, does the record sufficiently show the finding of an indictment against Rainey; and *second*, was the verdict properly received in his absence.

On the first point there can be no doubt. There is nothing in the record to sustain the conviction. The only mode of preferring an indictment is through the medium of a grand jury. It is the imperative duty of the grand jury to make this presentment in open Court. The indictment is the foun-

*WILSON, C. J. and Justice LOCKWOOD did not sit in this case.

Rainey *v*. The People.

dation of all the subsequent proceedings in the cause; and to uphold them, the record ought to show affirmatively the returning of the indictment into Court, by the grand jury. This is a necessary part of the record, and can no more be dispensed with, than the verdict of the jury, or the judgment of the Court. *Gardner* v. *The People*, 3 Scam. 83; *McKinney* v. *The People*, 2 Gilman, 540. The record before us is manifestly defective. It does not appear that any indictment against Rainey was ever exhibited in open Court by the grand jury of Washington county. The transcript sent to the Clinton Circuit Court failed wholly to shew it, and the prosecuting attorney ought to have obtained a record, showing this important fact, before putting the prisoner on his trial. More attention should be paid to these matters by those having the charge of criminal prosecutions. Many of the records transmitted to this Court, in this class of cases, are carelessly made up, and are evidently imperfect and incomplete. In such cases, it would be very proper for the Attorney General to see that the defects are supplied, and when necessary, to suggest a diminution of the record, and sue out a *certiorari* to the Court below. The first error fully disposes of the case, and no opinion will be expressed on the second question.

As the record here may not contain a correct history of the proceedings in the Circuit Court, the cause will be remanded to the end that further proceedings may be had in that Court, should the state of the records there warrant it.

The judgment of the Clinton Circuit Court is reversed, and the cause remanded.

*Judgment reversed.*